# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

DOUGLAS J. ALVAREZ                                                 PLAINTIFF

v.                                          CIVIL ACTION NO. 3:11CV-372-S

LOUISVILLE METRO HOUSING AUTHORITY *et al.*              DEFENDANTS

## MEMORANDUM OPINION

The *pro se* plaintiff, Douglas J. Alvarez, filed this action against the Louisville Metro Housing Authority, Tim Barry, and Juan Hunter. He handwrote his complaint on the Court's approved general-complaint form. For the reasons set forth below, the Court will dismiss this action pursuant to FED. R. CIV. P. 12(h)(3) for lack of subject-matter jurisdiction.

In the section of the form complaint asking for the "ground for filing this case in Federal Court" Alvarez states: "On June 20, 2011, I discovered someone that have access to my apartment stole 1000 dollars from it. To [sic] kind of people have access with master key and can search when you leave the building." In the statement-of-claim section of the form, Plaintiff details the facts of his case as follows:

> I Douglas J. Alvarez, want to describe what happens in my apartment on 6-20-2011. I live in LMHA Catherine Court Building Ap. 901 located on St. Catherine and Fourth Street. In the morning of 6-20-2011 I discovered that someone broke into my apartment and stole 1000 dollars from my tool box, money that I keep for emergency issues, like medications and car insurance. Two different people have access into the apartment once you leave the building, security and maintenance. People that carry on this burglary have master key and time to search and know all your valuables inside your apartment. In fact, these master key are in three different hands. LMHA Management always try to elude all responsibilities about illegal activities in the building. . . . And for all this, I don't believe my belongings and my person are in a safe place.

As relief, Plaintiff seeks to recover the thousand dollars that was taken from his apartment and require the Louisville Metro Housing Authority to investigate the security of the building.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Moreover, "[a] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). Under the Federal Rules of Civil Procedure, the Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3). The dismissal should issue as soon as the Court determines that subject-matter jurisdiction is lacking.

Plaintiff has not articulated any federal-law claims or pleaded any state-law claims that would meet the requirements of diversity jurisdiction under 28 U.S.C. § 1332. In short, Plaintiff has not established any case or controversy over which this Court may exercise jurisdiction. Accordingly, for the reasons set forth above, the Court will enter a separate Order of dismissal.

Date: August 9, 2011

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.008